Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| JUAN RAFAEL MORALES RIVERA y MARILYN DÍAZ RIVERA<br><br>Apelantes<br><br>v.<br><br>DALILA LÓPEZ REYES, JAVIER CINTRÓN LÓPEZ, COLEGIO DE ABOGADOS DE PUERTO RICO, FIRST INSURANCE AGENCY, LIC. RAÚL J. VILÁ SELES, FIRSTBANK PUERTO RICO, PLANET HOME, LIC. ÁNGEL RAFAEL COLLAZO MATOS, JOHN DOE, JANE DOE, ABC INSURANCE COMPANY<br><br>Apelados | KLAN202200653 | *Apelación* procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Caso Núm. BY2021CV04538<br><br>Sobre: Daños |

Panel integrado por su presidente el Juez Bermúdez Torres, la Jueza Romero García y la Juez Méndez Miró.

**SENTENCIA**

En San Juan, Puerto Rico, a 31 de enero de 2023.

I.

El 5 de noviembre de 2021, el Sr. Juan R. Morales Rivera y la Sra. Marilyn Díaz Rivera (matrimonio Morales Díaz), presentaron una *Demanda* por incumplimiento de contrato y daños y perjuicios ante el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI). Según se alegó, el Lcdo. Raúl Vilá Sellés y el Lcdo. Collazo Matos incurrieron en falta de diligencia con sus deberes como notarios al no dar finalidad a la inscripción de ciertas escrituras. Del mismo modo, el matrimonio Morales Díaz adujo que las entidades financieras Banco Santander, First Bank y Planet Home Lending, incumplieron con determinados acuerdos para la modificación de una obligación hipotecaria. Por último, sostuvieron haber realizado

Número Identificador

SEN2023_____

múltiples gestiones infructuosas para comunicarse con la sucesión del Sr. Evaristo Cintrón Sánchez, con el fin de resolver un problema de tracto registral.

Tras varias incidencias procesales, el 8 de junio de 2022, el Tribunal de Primera Instancia emitió una *Sentencia* mediante la cual desestimó el pleito conforme a la doctrina de academicidad. Estando relacionadas las reclamaciones del matrimonio Morales Díaz con la falta de inscripción de unas escrituras en el Registro de la Propiedad y ya éstas habiendo sido inscritas, concluyó que no existía razón para continuar con los procedimientos.

El 27 de junio de 2022, el matrimonio Morales Díaz presentó una *Moción de Reconsideración y Determinaciones de Hechos Adicionales.* La misma fue declarada sin lugar el 18 de julio de 2022. Inconforme, el matrimonio Morales Díaz interpuso una *Apelación* el 17 de agosto de 2022. En ella, expuso los siguientes errores:

> **Erró el Honorable TPI al desestimar la demanda de incumplimiento de contrato y daños y perjuicios del apelante, al acoger las solicitudes de desestimación por el Lic. Vilá, la Sucesión, el Fondo y de Luna, desestimando la demanda en contra de éstos, por academicidad.**

> **Erró el Honorable TPI al declarar No Ha Lugar la moción de reconsideración y negarse a realizar determinaciones de hechos adicionales y enmendar las presentadas en su sentencia, para concluir que los apelados conocían que existían impedimentos para inscribir las escrituras 629 y 630, omitiendo prueba para establecer la falta de diligencia de éstos, por lo que no debió de [*sic*] desestimar la demanda.**

El 1 de septiembre de 2022, el Lcdo. Vilá Sellés incoó una *Moción de Desestimación.* Aseveró que el matrimonio Morales Díaz incumplió con su deber de notificar correctamente al Tribunal de Primera Instancia la portada sellada de la *Apelación* dentro de 72 horas conforme a la Regla 14(B) del Reglamento del Tribunal de Apelaciones (Regla 14(B))[1] y no presentaron una oportuna moción

---

[1] La Regla 14(B) del Reglamento del Tribunal de Apelaciones establece:

que detallara la justa causa para su incumplimiento. El Lcdo. Vilá Sellés fundamentó que, del récord electrónico en el Sistema Unificado de Manejo y Administración de Casos (SUMAC), no surge moción alguna que evidencie el cumplimiento por parte del matrimonio Morales Díaz con la Regla 14(B). Planteó que, tramitado este pleito electrónicamente mediante SUMAC, cualquier escrito sometido al Tribunal de Primera Instancia debía cumplir con la Orden Administrativa Núm. OA-JP-2018-034 (Orden Administrativa).[2]

El 2 de septiembre de 2022, la Sra. Dalila López Reyes, el Sr. Javier Cintrón López y la sucesión Cintrón Sánchez, presentaron una *Moción Solicitando la Desestimación.* Se unieron a las expresiones plasmadas por el Lcdo. Vilá Sellés en su *Moción de Desestimación.*

Ese mismo día, el matrimonio Morales Díaz sometió una *Moción informativa.* Afirmó haber notificado copia de la *Apelación* al Tribunal de Primera Instancia el 17 de agosto de 2022, adjuntando una copia de la portada de esta con un ponche del Tribunal de Primera Instancia del 18 de agosto de 2022.

---

De presentarse el original del recurso de apelación en la Secretaría del Tribunal de Apelaciones junto con el arancel correspondiente, la parte apelante deberá notificar la cubierta o primera página del escrito de apelación, debidamente sellada con la fecha y hora de presentación, a la Secretaría de la sede del Tribunal de Primera Instancia que haya dictado la sentencia apelada, dentro de las setenta y dos horas siguientes a la presentación del escrito de apelación. Este término será de cumplimiento estricto. 4 LPRA Ap. XXII-B, R. 14(B).

[2] La Orden Administrativa Núm. OA-JP-2018-034 dispone:

Como parte del plan de expansión del sistema de presentación y notificación electrónica de documentos en todos los tribunales, se ordena que todos los casos civiles que se presenten en o después del 23 de abril de 2018 en la Región Judicial de Bayamón se tramiten electrónicamente y de forma exclusiva a través del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

Se exceptúan de esta Orden los casos cuyas demandas se presenten físicamente antes del 23 de abril de 2018, así como los casos de relaciones de familia y menores, salud mental, recursos de revisión de tránsito y los demás asuntos civiles de competencia municipal que se atienden en las salas de investigaciones, los cuales por el momento se continuarán tramitando físicamente y por la vía ordinaria.

El 8 de septiembre de 2022, el Fondo de la Fianza Notarial del Colegio de Abogados de Puerto Rico (Fondo), sometió una *Moción de Desestimación*. Formuló que no fue sino hasta el 6 de septiembre de 2022, mucho más allá de las 72 horas que requiere la Regla 14(B), que el matrimonio Morales Díaz presentó al Tribunal de Primera Instancia, por medio de SUMAC, la portada sellada de la *Apelación*. El Fondo argumentó que el incumplimiento por parte del matrimonio Morales Díaz con la Regla 14(B) y la Orden Administrativa, impidió el adecuado perfeccionamiento de la *Apelación*.

El 4 de octubre de 2022, el matrimonio Morales Díaz incoó una *Moción en Cumplimiento de Orden*. Sostuvo que la Regla 14(B) no establece de qué forma se puede realizar la notificación al Tribunal de Primera Instancia de la portada sellada de la *Apelación*. Además, el matrimonio Morales Díaz afirmó que un recurso de apelación puede ser notificado al Tribunal de Primera Instancia personalmente, por correo ordinario o por correo certificado con acuse de recibo. Reiteró que, haber depositado personalmente ante el Tribunal de Primera Instancia, la portada sellada de la *Apelación* dentro del término de 72 horas constituyó una presentación oportuna. Finalmente, el matrimonio Morales Díaz planteó que la Orden Administrativa no es clara en cuanto a la presentación electrónica de la portada sellada de la *Apelación* ante el Tribunal de Primera Instancia y que el caso ya no se encuentra siendo tramitado en SUMAC.

II.

A.

Conforme a los propósitos dispuestos en la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003[3], el

---

[3] 4 LPRA §§ 24 *et seq.*

Reglamento de este Tribunal intermedio de Apelaciones[4] debe interpretarse de modo que propicie un sistema de justicia que provea acceso para atender los reclamos de la ciudadanía, sean sensibles a la realidad particular de los distintos componentes de nuestra sociedad e informen a la ciudadanía sobre sus derechos y responsabilidades. A esos efectos, el Reglamento se enfoca en: (1) ofrecer acceso fácil, económico y efectivo al tribunal, eliminando obstáculos y barreras que impidan impartir justicia apelativa a los ciudadanos con reclamos válidos; (2) promover la efectiva, rápida y uniforme adjudicación de casos complejos, procedimientos especiales o asuntos que ameriten atención particular; (3) implantar el principio rector de que las controversias judiciales se atiendan en los méritos y no se desestimen los recursos por defectos de forma o de notificación que no afecten los derechos de las partes; (4) facilitar la comparecencia efectiva de ciudadanos por derecho propio e *in forma pauperis*; y (5) establecer mecanismos y sistemas eficientes para la clasificación de recursos, el movimiento de los casos y el término de su resolución.[5]

Por su parte, la Regla 14 de nuestro Reglamento dispone sobre la presentación y notificación de una apelación de sentencia en un caso civil. La Regla 14(B) del Reglamento específicamente dicta lo siguiente:

> De presentarse el original del recurso de apelación en la Secretaría del Tribunal de Apelaciones junto con el arancel correspondiente, la parte apelante deberá notificar la cubierta o primera página del escrito de apelación, debidamente sellada con la fecha y hora de presentación, a la Secretaría de la sede del Tribunal de Primera Instancia que haya dictado la sentencia apelada, **dentro de las setenta y dos horas siguientes a la presentación del escrito de apelación**. Este término será de cumplimiento estricto.[6] (Énfasis nuestro)

---

[4] 4 LPRA Ap. XXII-B.
[5] 4 LPRA Ap. XXII-B, R. 2.
[6] *Íd.*, R. 14(B).

Conforme a la Regla 67.6 de Procedimiento Civil[7], las alegaciones, mociones y demás escritos que se contemplan en las Reglas de Procedimiento Civil **se presentarán al tribunal por medios electrónicos una vez se implanten las medidas administrativas y la tecnología necesaria para ello**. Asimismo, se notificarán por medios electrónicos las órdenes, resoluciones, providencias interlocutorias y sentencias que emita el tribunal, al igual que cualquier otro documento que el Secretario o la Secretaria deba notificar durante un procedimiento civil.[8]

**El envío electrónico a la dirección o portal establecido por la Jueza Presidenta del Tribunal Supremo de Puerto Rico para cada Secretaría del Tribunal General de Justicia constituirá la presentación de escritos en el tribunal y en la Secretaría.** La presentación electrónica del escrito constituirá, a su vez, la notificación que debe efectuarse entre abogados, abogadas y partes que se autorrepresentan. En estos casos, se entenderá que una firma electrónica constituirá el requisito de firma que exigen las Reglas de Procedimiento Civil y tendrá la misma validez legal que la manuscrita o de puño y letra.[9]

De otro lado, la Orden Administrativa Núm. OA-JP-2018-034[10] versa sobre el plan de expansión del sistema de presentación y notificación electrónica de documentos en la Región Judicial de Bayamón. Detalla lo siguiente:

> [S]e ordena que todos los casos civiles que se presenten en o después del 23 de abril de 2018 en la Región Judicial de Bayamón **se tramiten electrónicamente y de forma exclusiva a través del Sistema Unificado de Manejo y Administración de Casos (SUMAC)**. (Énfasis nuestro)

---

[7] 32 LPRA Ap. V, R. 67.6.
[8] *Íd.*
[9] *Íd.*
[10] https://poderjudicial.pr/documentos/ordenadministrativa/2018/OAJP-2018-034.pdf (última visita 15 de diciembre de 2022).

Dicha orden exceptúa los casos cuyas demandas hayan sido presentadas físicamente antes del 23 de abril de 2018, así como los casos de relaciones de familia y menores, salud mental, recursos de revisión de tránsito y los demás asuntos civiles de competencia municipal que se atienden en las salas de investigaciones.

III.

En efecto, nada obra en el expediente que demuestre que el matrimonio Morales Díaz cumplió con los requisitos de la Regla 14(B). Tampoco ha manifestado justa causa para su incumplimiento. En cuanto a la *Apelación,* solamente aparecen dos entradas en SUMAC. Una es del 18 de agosto de 2022 y contiene la portada sellada de la *Apelación* que fue entregada **personalmente** ante el Tribunal de Primera Instancia, otra es del 2 de septiembre de 2022 y contiene una *Moción informativa* que el matrimonio Morales Díaz presentó ante nos, ese mismo día y la portada sellada de la *Apelación.*

En primer lugar, la presentación personal de la portada sellada de la *Apelación* ante el Tribunal de Primera Instancia el 18 de agosto de 2018 contraviene la Orden Administrativa, la cual claramente estableció que todos los casos en la Región Judicial de Bayamón presentados en o después del 23 de abril de 2018, debían ser tramitados de forma electrónica. La *Demanda* data del 5 de noviembre de 2021, por lo cual la Orden Administrativa regía sobre este caso.

En segundo lugar, la *Moción informativa* con la portada sellada de la *Apelación* fue entregada luego del periodo de 72 horas requerido por la Regla 14(B). Habiendo sido presentada la *Apelación* el 17 de agosto de 2022, el matrimonio Morales Díaz tenía hasta el 22 de agosto de 2022 para presentar electrónicamente la portada sellada de la *Apelación* ante el Tribunal de Primera Instancia. Sin embargo, lo hicieron más de una semana después de expirado el plazo.

Ello así, procede la *desestimación* de la *Apelación* por incumplimiento craso con el Reglamento.

IV.

Por los fundamentos antes expuestos, se *desestima* el recurso apelativo.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones